Cole, Judge, delivered
the opinion of the court:
This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner’s rejection for lack of invention over the prior art of claims 1, 5, 6, 9,11,12, *857 and 13 of appellant’s application for a patent on “Towel Cabinets.” No claims were allowed.
The towel cabinet structure defined in the appealed claims is designed to dispense individual cloth towels for use in public washrooms. Claims 1, 5, 6, and 9 are generic. Claims 11,12, and 13 are draw.n to the elected species illustrated in Figures 1 to 12 of the application. Claims 1 and 11 are representative and read:
I. A towel cabinet comprising a plurality of side walls and a bottom, said walls defining a used towel compartment and a clean towel compartment having an opening through which clean towels may be dispensed, a towel support in said clean towel compartment adapted to support a plurality of clean towels,-means constantly urging said support and the towels thereon toward said opening, towel retaining means carried by said side walls and partially overlying said Opening at the edges thereof to retain clean towels in-said clean towel compartment against the influence of said urging means, and a towel guide mounted in fixed position on said cabinet to retain said towels and to deliver soiled towels to the soiled towel compartment subsequent to use.
II. A towel dispenser comprising a plurality of walls and a bottom, a .towel support in said cabinet adapted to hold a plurality of towels dividing the dispenser into a soiled towel compartment and a clean towel compartment,-said cabinet having an open top through which towels may be dispensed', means constantly urging said shelf into its uppermost position and the towels thereon towards said open top, retaining flanges carried by an opposed pair of said walls at their top edges and extending into said open top to normally maintain towels within said clean towel compartment against the influence Of said edging means and means to retain and guide the towels from the clean towel compartment to the soiled towel compartment. ¡
Appellant, in bis brief, lias supplemented the aforegoing description in this language: “This cabinet consists essentially of a pair of side walls that upstand from a bottom defining a compartment for receiving used or soiled towels and also a compartment at the top for receiving a supply of clean towels. The cabinet has an opening in its top [claims 11, 12, and 13] (clean towel compartment) through which the clean towels are removed for use. The clean towels are supported by a platform which is biased toward the opening by springs. At the sides of the opening, attached to the side walls, áre projections which engage the edges of the towels to prevent them from being expelled from the cabinet by the force of the springs. The towels are assembled in packs and each pack is attached to a ring which slides on a rigid guide rod that is fixedly secured in position in the cabinet, the said guide rod extending parallel to the direction of movement of the clean towel support and passing into the lower portion of the cabinet. As the clean towels are successively disengaged from the projections at the sides of the dispensing opening and are removed for use, the stack of towels is advanced by the springs to bring the next towel into contact with the projections. When all of the towels *858 of a single pack have been removed and used, the ring which s'up> ports the pack slides along the guide carrying the pack of soiled towels into the lower compartment of the cabinet for storage until removed for washing.”
The Board of Appeals, in affirming the examiner’s rejection of the appealed claims, cited and relied upon the following prior art references:
Solomon, 1,080,855, December 9, 1913.
McCracken, 1,104,207, July 21,1914.
Ammann, 1,258,733, March 12,1918.
Forman, 2,244,833, June 10, 1941.
Each of the reference patents is for a towel cabinet or dispenser, and there is little disagreement as to what is basically disclosed thereby. The patent to Ammann shows a cabinet with an upper clean towel compartment and a lower soiled towel compartment. The towel supporting platform is vertically disposed and is mounted on rollers and biased by springs in a horizontal direction toward a towel dispensing opening in the side of the cabinet. An abutment at the point.of the opening functions as a towel retaining member. The towels are threaded to slide along a flexible “stringer” or towel guide which is fixedly attached at one end to the movable towel support. In operation, an individual towel is removed from the opening in the upper compartment of the cabinet and, after it has been used, is dropped by the user to follow the path of the “stringer” which leads into the lower soiled towel compartment.
The patent to Forman shows an upper clean towel compartment and a lower soiled towel compartment. The towel support is biased upwardly by springs and the clean towels are threaded and slidably guided on a stiff rod rigidly secured to the cabinet. The rod extends parallel to the direction of movement of the towel support and then curves into the lower soiled towel compartment.
The patent to Solomon (one embodiment of the invention) shows a vertically movable towel supporting platform which is constantly urged upwardly in the cabinet by means of weights attached to cables running over pulleys. The towel supporting platform is housed in a rear portion of the cabinet while the front portion is adapted to receive the soiled towels. The clean towels are removed from a narrow slot in the side wall of the rear portion of the cabinet. These towels are threaded on a guide rod in said rear portion or upper compartment of the cabinet. The rod extends from within this upper compartment, bends over the front wall, and descends vertically to a lower soiled towel compartment in the front portion of the cabinet. *859 tn operation, the towel after use is dropped to follow the path of the guide rod into the soiled towel compartment.
It is apparent from the foregoing that there is marked similarity between the operative principle and general structural form of the respective reference disclosures and appellant’s device. The remaining reference, the patent to McCracken, is of little significance and will be discussed only briefly hereinafter.
Appealed claims 1, 5, 6, and 9 were held unpatentable by the board over the patent to Ammann in view of Forman, and also on Solomon (claims 1 and 5) or on Solomon in view of Ammann (claims 6 and 9). The rejection of claims 11, 12, and 13 was on Solomon in view of either Ammann or McCracken.
It is appellant’s position on appeal, as it was before the board, that generic claims 1, 5, 6, and 9 patentably distinguish over the cited prior art because of the inclusion in such claims of a limitation, as hereinbefore set forth in representative claim 1, of “a towel guide mounted in -fixed position on said eabmet to retain said tomels and to deliver soiled towels to the soiled towel compartment subsequent to use.” This towel retaining guide rod is secured on a lower inturned edge of the front plate of appellant’s cabinet. It extends vertically upwardly to above the top of the front plate, then over the top and vertically downwardly to a point below the front plate, and rear-wardly and downwardly thereafter through an aperture, and finally secured by a padlock in the rear of the cabinet. The guide rod, thus fixedly secured to the cabinet, prevents unauthorized removal of the towels by the user.
The Board of Appeals held that Ammann’s flexible towel guide wire or “stringer” (which is strung through the towels to be dispensed) was fixedly attached at one end to the movable towel support and at the other end to the lower portion of the cabinet (soiled towel compartment). This ruling was predicated on the board’s belief that while Ammann did not specifically show the fixed attachment of the wire to the cabinet in the reference patent, he did show such attachment in his earlier patent for a towel-rack, No. 1,181,983, the disclosure of which, with respect to the “stringer,” was incorporated by direct reference into his later patent. Additionally, the board was of the opinion that Forman showed a stiff guide rod rigidly secured to the towel cabinet, and that it would not involve invention to substitute this rod for the flexible guide wire of Ammann.
While the board also held, and we think correctly, that Solomon discloses a guide rod which is fixed to the cabinet, or which could be connected without effect on the operation of that inventor’s device, *860 it is our opinion' that the untenability of appellant’s position is sufficiently demonstrated by Ammann taken alone or by Ammann in view of Forman.
First, it is clear that Ammann discloses a towel dispensing mechanism having clean and soiled towel compartments, a dispensing opening, a towel support for the clean towels, means constantly urging that support toward the dispensing opening, towel retaining means, track and roller means for the towel support, and a towel guide to retain the towels and deliver them to the soiled towel compartment subsequent to use. Appellant’s suggestion that Ammann’s guide wire is attached only to his movable towel support, and that the other end, threaded through the towels, hangs loosely in the soiled towel compartment necessarily presupposes that the patentee failed to appreciate that one fundamental purpose of his guide wire or “stringer” was to prevent users of the towels from carrying them away. Although it seems to us that if the “stringer” was not attached to the cabinet there would be little need for running it through the towels, the Solicitor for the Patent Office has particularly pointed out, in his brief, how Ammann has provided for attaching his guide wire. Eliminating reference numerals, we quote the solicitor as follows:
* * * In his patent, No. 1,258,733 [the reference patent], Ammann refers to his member ás a “stringer” and states that that stringer “is strung through the towels in the manner set forth and claimed” in his patent No. 1,181,983. Claim 7 of said earlier patent is drawn to a plurality of stringers and defines each stringer as “being provided with means whereby it may be attached to a towel stand.” As described by Ammann in the specification of his patent, No. 1,181,983, such means comprises the snap hook, which is permanently fastened to one end of [the] wire and which snaps into [a] screw eye, screwed into a slat of [the] soiled towel compartment. In his mention in his patent, No. 1,258,733, of a “stringer,” Ammann thus has reference to a wire plus attaching hook. The hook, of .course serves to mount that end of the stringer in fixed position pursuant to the requirements of generic claims 1,5,6, and 9.
Even assuming Ammann’s guide wire to be other than attached to his cabinet (being secured only to the movable towel support), For-man’s towel guide rod is stiff and secured to his cabinet and does not move with that inventor’s towel support. Assuming further that there is some advantage to be gained by using the latter’s rod in place of the former’s flexible wire or “stringer,” the modification, one to the other,- would be an elementary expedient to the worker skilled in the art. It would hardly be, as claimed by appellant, an unfair reconstruction of the references in the light of his own disclosure. '
*861 Considering now claims 11, 12, and 13, the. appellant urges recognition of patentable achievement over the prior art primarily in the provision of an additional limitation directed to an “open top through which towels may be dispensed.” These claims do not specify that the guide rod is mounted in fixed position to the cabinet.
The patents to Solomon and/or Ammann and' McCracken were cited by the board, and applied in combination in holding the claims devoid of inventive subject matter. Specifically, it was held that Solomon showed all elements of claims 11,12, and 13, except that the top of Solomon’s cabinet is not completely open. Ammann and Mc-Cracken, in the board’s view, did show relatively large removal openings for the towels, and hence no invention was seen in such modification to Solomon.
Solomon’s narrow, slot-like opening is in the top rear side portion of his cabinet. As aforesaid, means are provided for urging Solomon’s towel support toward this opening. Appellant maintains that extraction of towels from the narrow Solomon opening is difficult, and that although the openings in Ammann and McCracken (which are ill the side of those cabinets) may be larger, it is improper to conclude that only the mere mechanical skill of the art would be required to reconstruct the Solomon cabinet to meet the limitation relied upon by appellant. We believe that with or without Ammann and Mc-Cracken as prior art, appellant has done nothing more than enlarge the dispensing opening of Solomon. While appellant may have eliminated certain difficulties experienced by the user of the Solomon cabinet in reaching towels through that inventor’s opening, the solicitor has aptly observed, in his brief on behalf of the Patent Office, that “Solomon’s emphasis on a slot in dispensing his towels is in line with his emphasis on maintaining the towels in a sanitary condition. De-emphasis on sanitation leads to enlargement of [the] towel dispensing opening. The situation is akin to that in the ordinary box of [facial] tissues. The freshness of the tissues is maintained if they are drawn through the slot provided by removing the scored strip on the top of the box. If freshness be not important, the whole top of the box may be removed.”
We thus find the details of construction of appellant’s cabinet amounting to nothing more than a slight improvement over the cabinets of the references. The decision of the Board of Appeals is therefore affirmed. ■ /